# EXHIBIT "A"

SHALINI DOGRA, SBN 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Telephone: (747) 234-6673
Facsimile: (310) 868-0170
*Attorney for Plaintiff JUANITA JENNY ORNELAS*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/02/2021** at 07:43:09 AM
Clerk of the Superior Court
By Bernabe Montijo,Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN DIEGO

JUANITA JENNY ORNELAS, an
Individual,

        Plaintiff,

  vs.

NOBLE HOUSE SHELTER
POINTE LLC dba "Kona Kai Resort
& Spa," a California and
Washington limited liability
corporation; and DOES 1 through
50, inclusive,

        Defendants.

**COMPLAINT FOR:** 37-2021-00046624-CU-WT-CTL

(1) **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
(2) **UNLAWFUL GENDER DISCRIMINATION**
(3) **FAILURE TO PREVENT HOSTILE WORK ENVIRONMENT**
(4) **MISCLASSIFICATION**
(5) **OVERTIME VIOLATIONS**
(6) **FAILURE TO PAY A MINIMUM WAGE**
(7) **REST PERIOD VIOLATIONS**
(8) **MEAL PERIOD VIOLATIONS**
(9) **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
(10)   **WAITING TIME PENALTIES**
(11)   **UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff JUANITA "JENNY" ORNELAS ("Plaintiff"), as an individual, alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

    1.    Plaintiff is an individual who, at all times relevant to this action, resided in the County of San Diego, State of California.

    2.    Plaintiff is informed, believes and thereupon alleges that Defendant Noble House Shelter Pointe LLC,  is and was at all times mentioned herein was a California limited liability corporation, joint venture, or other business entity existing under the laws of the State of California and providing services and conducting business in the State of California with a principal place of business located in San Diego, California. Plaintiff furthermore alleges based on good information

1
COMPLAINT

1    and belief that Defendant Noble House Shelter Pointe LLC is doing business as "Kona Kai Resort

2    & Spa" in the County of San Diego, with a  headquarter location 1551 Shelter Island Drive, San

3    Diego, CA 92106. Defendant Noble House Shelter Pointe LLC  (hereinafter "Defendant Kona Kai")

4    was Plaintiff's employer at all times relevant herein. Defendant Kona Kai was at all times herein

5    mentioned was, (a) conducting business in the County of San Diego, State of California; (b) the

6    employer of Plaintiff consistent with California Labor Code and Industrial Welfare Commission

7    Wage Orders; and (c) Plaintiff's employer as defined under Government Code section 12926

8    subsection (c).

9         3.    The acts alleged herein arose in San Diego County, within the State of California.

10        4.    Plaintiff is ignorant of the identities of defendants Does 1 through 50, inclusive, and

11   therefore sues these defendants by such fictitious names.  The Doe defendants may be individuals,

12   partnerships, or corporations.  Plaintiff is informed and believes, and thereon alleges, that at all

13   times mentioned herein, each of the Doe defendants was the parent, subsidiary, agent, servant,

14   employee, co-venturer, and/or co-conspirator of each of the other defendants and was at all times

15   mentioned, acting within the scope, purpose, consent, knowledge, ratification and authorization of

16   such agency, employment, joint venture and conspiracy.  Plaintiff will amend this Complaint to

17   allege their true names and capacities when ascertained.  Plaintiff is informed and believes and

18   thereon alleges that each of the fictitiously named Doe defendants is responsible in some manner

19   for the occurrences herein alleged, and that Plaintiff's damages as herein alleged was proximately

20   caused by its conduct.  Doe Defendants 1 through 50 and Kona Kai are herein collectively referred

21   to as "Defendants."

## GENERAL ALLEGATIONS

22

23        5.    By this reference, Plaintiff alleges and incorporates herein, each and every allegation

24   set forth in all previous paragraphs of the Complaint.

25        6.    Plaintiff started working for Defendant Kona Kai on approximately August 19, 2019,

26   when she was hired for as an hourly, non-exempt employee for the position of "banquet chef."

27   Throughout her employment period, Plaintiff performed her duties with laudable diligence and

28   commendable work ethic, as evidenced by the multiple promotions and pay increases she received.

7. Plaintiff's work environment and experience with Defendant Kona Kai took a noticeable and marked negative turn in March 2021, shortly after Defendant Kon Kai assigned Plaintiff to the "sous chef" position. Throughout her tenure as a "sous chef," Plaintiff experienced various forms of discrimination and disparate treatment on account of her gender; Defendant Kona Kai gave greater responsibility and male individuals who held "sous chef" positions. Additionally, men who were assigned to "sous chef" posts were granted greater authority and management role, including power over scheduling and ordering supplies. In sharp contrast, Defendant Kona Kai deliberately failed to train Plaintiff and clearly interfered with her ability to carry out her duties and responsibilities as a sous chef. Furthermore, employees subjected Plaintiff to derogatory comments about her gender, as well as bullying and humiliation on account of her gender.

8. Throughout March and April 2021, Plaintiff spoke up about the discrimination and harassment she was facing at work due to her gender. Plaintiff lodged her complaint with her supervisor and unequivocally put Defendant Kona Kai on notice of the hostile work environment she was facing. In response, Defendant Kona Kai took no remedial action at all. Instead, Defendant Kona responded with swift retaliation and effectuated a constructive termination on approximately April 27, 2021.

9. On November 1, 2021, Plaintiff filed a complaint of discrimination against Defendant Kona Kai with the Department of Fair Employment and Housing ("DFEH"), thereby exhausting her administrative remedies. On the same date, the DFEH issued Plaintiff her Right-to-Sue Notice. This action is filed within one year of the date of Plaintiff's Right-to-Sue Notice.

10. At the start of Plaintiff's employment period, which began in or about August 2019, Defendant Kona Kai handled and compensated Plaintiff as an hourly, non-exempt employee banquet chef. In or about March 2020, Defendant Kona Kai "promoted" Plaintiff to a sous chef wherein Plaintiff was misclassified as an exempt salary employee, despite that her position and responsibilities did not fall within any exempt category.

11. Defendant Kona Kai regularly required Plaintiff to work off-the-clock in order to complete her duties and responsibilities. This off-the-clock work included, amongst other things, requiring Plaintiff to: respond to Defendant Kona Kai and work-related requests and perform work

1  while clocked out for purported meal breaks,  perform work before clocking in for the start of her

2  shift,  wait in line to clock in for the start of her shift or meal period, perform work after clocking

3  out for the end of her shift, and improper tip share. Plaintiff was not compensated for this off-the-

4  clock work, resulting in a failure to pay minimum wages and straight time wages. Moreover, this

5  off-the-clock work typically caused Plaintiff to work more than eight (8) hours in a day and forty

6  (40) hours in week, resulting in a failure to pay overtime compensation.

7          12.    In addition to requiring Plaintiff to perform work off-the-clock without compensation,

8  Defendant Kona Kai also failed to accurately record the actual time worked by Plaintiff, which

9  resulted in a failure to Plaintiff for all hours actually worked, including minimum wages, straight

10  time wages and overtime wages.  Finally, and as a matter of policy and/or practice, Defendant Kona

11  Kai failed to pay overtime to Plaintiff for all overtime hours worked based on regular rates of pay

12  correctly calculated to include all applicable remuneration.

13          13.    Defendant Kona Kai failed to provide Plaintiff with legally-compliant 30-minute meal

14  periods.  Plaintiff was  required by Defendant Kona Kai to work more than five (5) hours per day,

15  but was not provided with uninterrupted 30-minute meal periods. Further, Plaintiff was not provided

16  with a second uninterrupted 30-minute meal period when she worked over ten (10) hours per day.

17  Defendant Kona Kai regularly required Plaintiff to work through her first and second meal periods,

18  to take her first meal period after her fifth (5th) hour of work, and/or to take her second meal periods

19  after her tenth (10th) hour of work. On the occasions that Plaintiff did take a meal period, her meal

20  periods were frequently interrupted or cut short.

21          14.    Defendant Kona Kai's policies, practices, and procedures were responsible for the

22  violations alleged above and prevented Plaintiff from taking timely, complete and duty-free meal

23  periods because, amongst other reasons: Defendant Kona Kai did not have legally-compliant

24  policies regarding the provision and timing of meal periods or systematically disregarded its own

25  purported meal period policies; Defendant Kona Kai's management at various levels, affecting all

26  hourly-non-exempt employees, failed and refused to implement and enforce legally compliant meal

27  period policies and practices; Defendant Kona Kai failed to adequately inform and train Plaintiff

28  regarding her right to take timely, uninterrupted, and duty-free meal periods, Defendant Kona Kai

failed to adequately inform and train Plaintiff about her right to premium wages for non-compliant meal periods, Defendant Kona Kai failed to ensure that there was adequate staffing to allow Plaintiff to take timely, uninterrupted, and duty-free meal periods, Defendant Kona Kai required Plaintiff to wait in line to clock in for the start of her shift or meal period, Defendant Kona Kai required Plaintiff to remain on-call and respond to work-related requests at all times, including during meal periods, which included telephone calls, pages, intercom announcements, and in-person verbal interruptions, and Defendant Kona Kai's policy and culture prevented Plaintiff from taking timely, uninterrupted, and duty-free meal periods because of the priority placed on completing job requirements over employees right to receive timely, uninterrupted, and duty-free meal periods.

15.    Plaintiff did not receive an extra hour of wages at her regular rate of pay for the meal periods which were not provided to her in compliance with California law.

16.    Defendant Kona Kai failed to authorize and permit Plaintiff to take legally-compliant 10-minute rest periods. Defendant Kona Kai required Plaintiff to work through rest periods. Plaintiff was not provided with uninterrupted, duty-free rest periods when she worked more than four (4) hours or a major fraction thereof.  Further, Plaintiff was not provided with a second uninterrupted, duty-free rest period when she worked more than six (6) hours in a day, or a third uninterrupted, duty-free rest period after working more than ten (10) hours in day. In the rare event that a rest period was taken, it was frequently interrupted or cut short. Moreover, Plaintiff was never completely relieved of duty.

17.    Defendant Kona Kai's policies, practices, and procedures were responsible for the violations alleged above and prevented Plaintiff from taking timely and complete rest periods because, amongst other reasons: Defendant Kona Kai did not have legally-compliant policies regarding the provision and timing of rest periods or systematically disregarded its own purported rest period policies,  Defendant Kona Kai's management at various levels, affecting all hourly-non-exempt employees, failed and refused to implement and enforce legally compliant rest period policies and practices, Defendant Kona Kai failed to adequately inform and train Plaintiff regarding her right to take timely, uninterrupted, and duty-free rest periods, Defendant Kona Kai failed to adequately inform and train Plaintiff about her right to premium wages for non-compliant rest

1    periods, Defendant Kona Kai  failed to ensure that there was adequate staffing to allow Plaintiff  to

2    take timely, uninterrupted, and duty-free rest periods, Defendant Kona Kai required Plaintiff remain

3    on-call and respond to work-related requests at all times, including during rest periods, which

4    included responding to telephone calls, pages, intercom announcements, and in-person verbal

5    interruptions,  and Defendant Kona Kai's policy and culture prevented Plaintiff from taking timely,

6    uninterrupted, and duty-free rest periods because of the priority placed on completing job

7    requirements over employees right to receive rest periods.

8         18.    Plaintiff did not receive an extra hour of wages at her regular rate of pay for the rest

9    periods which were not provided to her in compliance with California law.

10        19.    As a result of the practices detailed above,  Defendant Kona Kai has failed to timely

11   pay all wages earned because Plaintiff was not paid all the wages she was owed including, *inter*

12   *alia,* overtime compensation, straight time wages, minimum wages, tip share, meal and rest period

13   premiums. Furthermore,  as a consequence of Defendant Kona's misclassification,  the wage

14   statements provided to Plaintiff never included the actual hours worked, the actual gross wages

15   earned, the correct rates of pay, and meal and rest premiums owed.    Moreover, Defendant Kona

16   Kai has failed to maintain accurate records relating to Plaintiff's work periods, meal periods, total

17   daily hours worked, and total hours worked per payroll period.

18        20.    Additionally, upon the termination of employment, Plaintiff was not paid all wages

19   due to her within twenty-four (24) hours or even within seventy-two (72) hours. Specifically, as a

20   result of Defendant Kona Kai's practices of misclassifying Plaintiff and requiring her to work off-

21   the-clock without compensation, unlawful rounding practices, failure to properly calculate regular

22   rates, and failure to accurately record all hours actually worked, Defendant Kona Kai failed to pay

23   Plaintiff for all straight time wage, minimum wages and overtime compensation owed to her upon

24   termination of her employment. Defendant Kona Kai also failed to pay Plaintiff for tip share, meal

25   period premiums, rest period premiums, and accrued vacation time she was owed, amongst other

26   wages.

27   ///

28   ///

### FIRST CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy of FEHA Against All Defendants)**

21.     Plaintiff re-alleges and incorporates herein by reference each and every allegation set forth above.

22.     Defendants violated the Fair Employment and Housing Act (FEHA), California Government Code §12940 *et seq.* by wrongfully terminating Plaintiff's employment because of her complaints of gender discrimination.

23.     The aforementioned acts of Defendants constitute a wrongful constructive termination in violation of public policy.

24.     As a direct, foreseeable, and legal result of Defendants' discriminatory acts, Plaintiff has incurred and continues to incur emotional distress, a loss of earnings, past and future, and a loss of earning capacity all to Plaintiff's damage in a sum in excess of the minimum jurisdictional limits of this court, the precise amount of which will be proven at trial.

25.     Plaintiff is informed and believes and thereon alleges that Defendants and its managers, officers, and/or directors, committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive amounting to malice or oppression, and in conscious disregard of Plaintiff's rights. Moreover, Defendants and their managers, officers, and or directors, authorized or ratified the wrongful conduct of their employees and/or are personally guilty of oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

### SECOND CAUSE OF ACTION

**(Gender Discrimination in Violation of FEHA Against All Defendants)**

26.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

27.     During Plaintiff's employment with Defendants, California Government Code §12940 - 12965, *et seq.*, were in full force and effect and binding upon Defendants. Said sections specifically required Defendants to refrain from discriminating against any employee on the basis of his or her sex and/or gender.

7

28.   Defendants have discriminated against Plaintiff on the basis of sex, which, by engaging in the course of conduct more fully set forth in the General Allegations stated above, violated Government Code §§ 12940(a) and (c).

29.   To the extent that Plaintiff's sex and/or gender is a substantial motivating factor contributing to Plaintiff's mistreatment and wrongful termination, said acts by Defendants constitute employment discrimination under the laws of the State of California.

30.   Such discriminatory acts are a motivating factor in causing damages and injuries to Plaintiff as set forth in previous paragraphs.

31.   As a direct result of the aforesaid acts of Defendants, Plaintiff lost, and will continue to lose, income and benefits, in an amount to be proven at trial. Plaintiff has become distressed, aggravated, and embarrassed. Plaintiff's wrongful termination is a substantial factor in causing damage and injury to Plaintiff as set forth above.

32.   As a direct result of the aforesaid acts of Defendants, Plaintiff has become mentally upset, distressed and aggravated and has suffered, and will continue to suffer, humiliation, embarrassment and mental and/or emotional distress.  Thereby, Plaintiff claims general damages for mental distress and aggravation in a sum according to proof at the time of trial.

33.   Because the acts taken toward Plaintiff were carried out by, and/or known by and suffered by, managerial employees of Defendants, acting in a deliberate, cold, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount according to proof at the time of trial.

34.   Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Failure to Prevent Hostile Work Environment in Violation of FEHA Against All Defendants)

35.   Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth and herein.

36.   In violation of California Government Code §§12940, subsections (j) & (k), Defendants failed to take all reasonable steps necessary to prevent hostile work environment from occurring.

COMPLAINT
EXHIBIT A-8

37.    In perpetrating the above-described conduct, Defendants engaged in a pattern, practice, policy and custom of gender discrimination and/or retaliation.  Said conduct constituted a policy, practice, tradition, custom, and usage which denied Plaintiff the protection of California Government Code §§12940, subsections (a) and (j).

38.    There existed within the organization of Defendants a pattern and practice of conduct by their personnel which resulted in hostile work environment conduct directed toward Plaintiff.

39.    There existed within the organization of Defendants a pattern and practice of conduct by personnel which resulted in hostile work environment toward Plaintiff, who complained of the harassing conduct/hostile work environment.

40.    Defendants failed to make an adequate response and investigation into the conduct against Plaintiff and the aforesaid pattern and practice, and thereby established, a policy, custom, practice, or usage within the organization of Defendants which condoned, encouraged, tolerated, sanctioned, ratified, approved of, and/or acquiesced in gender discrimination and harassment toward Plaintiff.

41.    Defendants failed to provide or undergo any adequate training, education, and information to their personnel and most particularly to management and supervisory personnel with regard to policies and procedures regarding hostile work environment.

42.    Defendants knew or reasonably should have known that the failure to undergo any adequate education, training, and information as to their personnel policies and practices regarding hostile work environment and for complaining of or resisting the hostile work environment, would result in the same.

43.    The failure of Defendants  to provide adequate education, training, and information to personnel concerning policies and practices regarding hostile work environment, and retaliation for complaining of or resisting the same, constituted deliberate indifference to the rights of employees, including but not limited to those of Plaintiff, under California Government Code §§12940, subsections (a), (h), (i), (j) and (k).

44.    By the acts or failures to act of policy-making personnel, Defendants were deliberately indifferent to the need to provide or undergo any adequate training, education, and information to

1 the personnel of Defendants as to policies hostile work environment, for complaining of or resisting

2 the same.

3      45.   The facts set forth herein above establish that Defendants are guilty of malice and

4 oppression, warranting an assessment of exemplary damages in an amount appropriate to punish

5 Defendants and to deter others from engaging in similar misconduct.

6      46.   As a direct and proximate result Defendants' wrongful conduct, Plaintiff has sustained

7 and continues to sustain severe anguish, humiliation, anger, tension, anxiety, depression, lowered

8 self-esteem, and emotional distress, according to proof at trial.

9      47.   As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered

10 and continues to suffer loss of income, loss of earning capacity, loss of job opportunity, and other

11 economic damages, according to proof at trial.

12      48.   Plaintiff is also entitled to recover reasonable attorneys' fees and costs.

13 **FOURTH CAUSE OF ACTION**

14 **(Misclassification of Employment Status Against All Defendants)**

15      49.   Plaintiff alleges and incorporates herein by this reference each and every allegation

16 set forth in all previous paragraphs of the Complaint as if fully set forth and herein.

17      50.   In violation of California Labor Code § 226.8, Defendants willfully misclassified

18 Plaintiff as a salaried employee even though her position and responsibilities did not fall within any

19 exempt category. As a direct and proximate result of Defendants' willful and intentional pattern and

20 practice of misclassifying Plaintiff's employment, Plaintiff was not paid overtime compensation;

21 Plaintiff was not provided accurate wage and hour statements.

22      51.   As such, Plaintiff is entitled to lost wages, prejudgment interest, reasonable attorneys'

23 fees, costs, and civil penalties. The exact amount and nature of such damages are presently unknown

24 to Plaintiffs, who will either seek leave to amend this Complaint upon ascertaining such information,

25 or will prove the same at the time of trial.

26 **FIFTH CAUSE OF ACTION**

27 **(Failure to Pay Overtime Wages Against All Defendants)**

28      52.   Plaintiff alleges and incorporates herein by this reference each and every allegation

10
COMPLAINT

1   set forth in all previous paragraphs of the Complaint.

2       53.   California Labor Code §1198 makes it illegal to employ an employee under conditions

3   of labor that are prohibited by the applicable wage order. California Labor Code § 1198 requires

4   that "...the standard conditions of labor fixed by the commission shall be the ...standard conditions

5   of labor for employees. The employment of any employee ...under conditions of labor prohibited

6   by the order is unlawful." California Labor Code §1198 and the applicable Industrial Welfare

7   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

8   compensating them at a rate of pay either time and one-half or two-times that person's regular rate

9   of pay, depending on the number of hours worked by the person on a daily or weekly basis.

10  Specifically, the applicable IWC Wage Order provides that Defendants were required to pay

11  Plaintiff, when working more than eight (8) hours in a day or more than forty (40) hours in a

12  workweek, at the rate of time-and one-half for all hours worked in excess of eight (8) hours in a day

13  or more than forty (40) hours in a workweek. The applicable IWC Wage Order further provides that

14  Defendants were required to pay Plaintiff, when working more than twelve (12) hours in a day,

15  overtime compensation at a rate of two (2) times her regular rate of pay. California Labor Code §

16  510 codifies the right to overtime compensation at one-and one-half times the regular hourly rate

17  for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first

18  eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the

19  regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8)

20  hours in a day on the seventh day.

21      54.   During the relevant time period, Plaintiff worked in excess of eight (8) hours in a day,

22  in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.  Although

23  Plaintiff regularly worked off-the-clock that should have been compensated at an overtime rate.

24      55.   Moreover, Defendants failed to pay the correct overtime rate.  Defendants' failure to

25  pay Plaintiff this overtime compensation, as required by California law, violates the provisions of

26  California Labor Code §§ 510 and 1198, and is therefore unlawful.

27      56.   Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover her unpaid

28  overtime compensation, as well as interest, costs, and attorneys' fees.

## SIXTH CAUSE OF ACTION

### (Failure to Pay Minimum Wages Against All Defendant)

57.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

58.     At all relevant times, California Labor Code §§ 1194, 1197, and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

59.     As set forth above, Defendants regularly paid the Plaintiff the same amount of money during each pay period, regardless of how many hours she worked, which resulted in Plaintiff not receiving a minimum wage. Defendants have failed to, and continue to fail to pay minimum wages to Plaintiff, in violation of California Labor Code §§ 1194, 1197 and 1197.1.

60.     Defendants' failure to pay Plaintiff the minimum wage required violates California Labor Code §§ 1194, 1197 and 1197.1. Pursuant to those sections, Plaintiff is entitled to recover the unpaid balance of her minimum wage compensation as well as interest, costs and attorneys' fees.

61.     Pursuant to California Labor Code § 1194.2, Plaintiff is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interests thereon.

## SEVENTH CAUSE OF ACTION

### (Failure to Provide Rest Periods Against All Defendants)

62.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

63.     At all relevant times herein set forth, the applicable IWC Wage Order and California Labor Code § 226.7 were applicable to Plaintiff's employment by Defendants.

64.     At all relevant times, California Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total

12
COMPLAINT

1  hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction

2  thereof unless the total daily work time is less than three and one-half (3 1/2) hours."

3    65. During the relevant time period, Defendants required Plaintiff to work four (4) or

4  more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour

5  period worked. Defendants' failure to properly staff and coordinate Plaintiff's schedule, forced

6  Plaintiff to work through all or part of her rest breaks.  Defendants had no policy and/or practice to

7  pay premiums for missed rest breaks and thus failed to pay Plaintiff the full rest period premium

8  due pursuant to California Labor Code § 226.7. Defendants' conduct violates the applicable IWC

9  Wage Orders and California Labor Code § 226.7.

10    66. Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b),

11  Plaintiff is entitled to recover from Defendants one (1) additional hour of pay at Plaintiff's regular

12  hourly rate of compensation for each work day that the rest period was not provided.

13  **EIGHTH CAUSE OF ACTION**

14  **(Failure to Provide Meal Periods Against All Defendants)**

15    67. Plaintiff re-alleges and incorporates herein by reference each and every allegation set

16  forth above.

17    68. At all relevant times herein set forth, the applicable IWC Wage Order and California

18  Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's employment by Defendants.

19    69. At all relevant times herein set forth, California Labor Code § 226.7 provides that no

20  employer shall require an employee to work during any meal period mandated by the applicable

21  IWC Wage Order. At all relevant times herein set forth, California Labor Code § 512(a) provides

22  that an employer may not require, cause, or permit an employee to work for a period of more than

23  five (5) hours per day without providing the employee with a meal period of not less than thirty (30)

24  minutes, except that if the total work period per day of the employee is not more than six (6) hours,

25  the meal period may be waived by mutual consent of both the employer and the employee.

26    70. During the relevant time period, Defendants willfully required Plaintiff to work during

27  meal periods and failed to compensate Plaintiff for work performed during meal periods. Moreover,

28  Defendants did not schedule or take any action to relieve Plaintiff of her duties for second meal

1   periods when she worked shifts over 10 hours or more. At the same time, Defendants had a practice

2   and/or policy of not paying all premiums due for meal break violations. As a result, Defendants

3   failed to pay Plaintiff all meal period premiums due pursuant to California Labor Code § 226.7.

4   Defendants' conduct violates the applicable IWC Wage Order, and California Labor Code §§ 226.7

5   and 512(a).

6        71.    Pursuant to the applicable IWC Wage Order and California Labor Code § 226.7(b),

7   Plaintiff is entitled to recover from Defendants one (1) additional hour of pay at Plaintiff's regular

8   hourly rate of compensation for each work day that the meal period was not provided.

9                            **NINTH CAUSE OF ACTION**

10   **(Failure to Provide Accurate Itemized Wage Statement Against All Defendants)**

11        72.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set

12   forth above.

13        73. Labor Code § 226(a) requires employers, including Defendants, to furnish employees

14   accurate itemized wage statements in writing delineating items of information as required by Labor

15   Code § 226(a).

16        74. Defendants knowingly and intentionally, as a matter of uniform policy and practice,

17   failed to furnish Plaintiff with accurate and complete wage statements regarding, among other

18   things, Plaintiff's correct regular rates of pay, rates of overtime pay, corresponding hours worked at

19   each rate of pay, total gross wages earned, proper entity name, and total net wages earned, in

20   violation of Labor Code § 226. Defendants' failure to furnish Plaintiff with complete and accurate

21   itemized wage statements resulted in actual injury, as said failures lead to, among other things, the

22   non-payment of all Plaintiff's wages, and deprived Plaintiff of the information necessary to, among

23   other things, identify the discrepancies in Defendants' reported data, and to know, understand and

24   question the rate of pay and hours Defendants used to calculate her wages.

25        75.    Defendants' failures create an entitlement to recovery by Plaintiff in a civil action for

26   all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil

27   penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code §§ 226

28   and 226.3.

**TENTH CAUSE OF ACTION**

**(Failure to Timely Pay All Wages Upon Separation of Employment Against All Defendants)**

76.    Plaintiff alleges and incorporated herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth and herein.

77.    California Labor Code § 201 state, in part: If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. §§ 201 and 202 of the California Labor Code require employers to pay their employees all compensation due at the time of termination, or under other circumstances, within 72 hours of cessation of employment. § 203 of the California Labor Code provides that if an employer willfully fails to timely pay such compensation, the employer must continue to pay the subject employees' wages until the compensation is paid in full or an action is commenced. The penalty cannot exceed thirty (30) days of wages. § 256 of the California Labor Code provides for a civil penalty of up to thirty (30) days' pay as waiting time. California Labor Code § 202(a) states: If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quit without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mail address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

78.    As described above, Defendants failed to timely pay Plaintiff for all of her wages due for work performed and this failure continued through the time at which Plaintiff was terminated from her employment with Defendants, violating California Labor Code §§ 201, 202, and 256.

79.    California Labor Code § 203 states, in part: "If an employer willfully fails to pay, without abatement or reduction, in accordance with§§ 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until an action therefore is commenced; but the wages shall not continue for more than 30 days... Suit may be filed for these penalties at any time before

1   the expiration of the statute of limitations on an action for the wages from which the penalties arise.

2   The statute of limitations for an action for restitution of the wages at issue is four (4) years, pursuant

3   to California Business and Professions Code § 17208. As noted above, Defendants violated

4   California Labor Code §§ 201 and 202 by failing to pay Plaintiff, who was terminated, all of the

5   wages due pursuant to the timelines provided in those sections, and the failure was willful and was

6   not inadvertent or accidental.

7        80.    Plaintiff was entitled to but did not receive (a) compensation for all forms of wages

8   earned as described above, including, but not limited to, wages for work done at hourly rates below

9   the minimum wage, additional wages for rest and meal periods that were not provided, and reporting

10   time pay wages; (b) penalties pursuant to California Labor Code § 203 for failing to pay such

11   compensation; and (c) the civil penalties as set forth in applicable sections of the California Labor

12   Code. Plaintiff was entitled to but did not receive compensation as required by California Labor

13   Code § 202(a) for the failure to provide required rest periods, for failure to provide required meal

14   periods, for requiring meal periods to be taken at unauthorized times or after the required time and

15   for the failure to pay one (1) hour of wages in lieu thereof.  Plaintiff was entitled to but did not

16   receive compensation as required by California Labor Code § 202(a) for wages owed and work-

17   related expenses incurred, including minimum wage, straight time hours worked and applicable

18   overtime for time worked the primary location of work. Plaintiff was entitled to but did not receive

19   compensation as required by California Labor Code § 202(a) for the failure to timely pay wages

20   owed, including but not limited to, wages owed upon termination.

21        81.    As a consequence of the willful conduct of Defendants in not paying for all earned

22   wages and for all expenses incurred, Plaintiff is entitled to thirty (30) work days of wages as a

23   penalty under California Labor Code §§ 203 and 256, interest, attorneys' fees and costs of suit.

24                          **ELEVENTH CAUSE OF ACTION**

25                    **(Unfair Competition Against All Defendants)**

26        82.    Plaintiff re-alleges and incorporates herein by reference each and every allegation set

27   forth above.

28

COMPLAINT

83.     California Business & Professions Code § 17200 *et seq.*, prohibits acts of unfair competition, which includes any *"unlawful, unfair or fraudulent business act or practice..."*

84.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 *et seq.*, by engaging in the conduct alleged herein, including, but not limited to, (1) failing to pay Plaintiff all overtime and minimum wages owed, (2) failing to pay Plaintiff an additional hour of premium pay for rest period violations, (3) failing to pay Plaintiff an additional hour of premium pay for rest period violations, and (4) knowingly failing to furnish Plaintiff with accurate and complete wage statements. Defendants' utilization of these unfair and/or unlawful business practice deprived Plaintiff of compensation to which Plaintiff was legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

85.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203, 17208.

86.     The acts complained of herein occurred within the last four (4) years immediately preceding the filing of the Complaint in this action.

87.     Plaintiff retained the services of counsel to file this court action to protect her interests, to obtain restitution, and to enforce important rights affecting the public interest. Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under the Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.  For such general, special and compensatory, actual and liquidated damages in amounts to be proven at the time of trial;

2.  For punitive and exemplary damages in amounts to be proven at the time of trial;

3. For costs of the suit incurred herein;

4. For reasonable attorneys' fees under the FEHA (California Government Code Section 12965(b)) and all related statutes, including Cal. Code of Civil Procedure § 1021;

5. For statutory attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5 and Government Code § 12965 and Labor Code §§ 203, 226, 248.5(e), 1174, 1194, 1198 and as allowed by law and according to proof;

6. For unpaid wages and overtime;

7. For unpaid wage premiums for each day Plaintiff did not receive a meal and/or rest period;

8. For pre- and post-judgement interest at the maximum legal rate on all amounts claims; and

9. For sure other and further relief as the Court may deem just and proper.

Dated:      November 2, 2021          **DOGRA LAW GROUP PC**

                          By: _____
                                SHALINI DOGRA, ESQ.
                                Attorney for Plaintiff
                                JUANITA "JENNY" ORNELAS

**DEMAND FOR JURY TRIAL**

Plaintiff JUANITA "JENNY" ORNELAS hereby demands a jury trial for the causes of action set forth herein.

Dated:      November 2, 2021          **DOGRA LAW GROUP PC**

                          By: _____
                                SHALINI DOGRA, ESQ.
                                Attorney for Plaintiff
                                JUANITA "JENNY" ORNELAS

18
COMPLAINT

EXHIBIT A-18